UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. JACOBS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A BERRYHILL,<br><br>　　　　Defendant. | Case No. 4:18-cv-04532-KAW<br><br>**ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 18, 23 |

Plaintiff William M. Jacobs seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, and the remand of this case for payment of benefits.

Pending before the Court is Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Having considered the papers filed by the parties, and for the reasons set forth below, the Court DENIES Plaintiff's motion for summary judgment, and GRANTS Defendant's cross-motion for summary judgment.

## I. BACKGROUND

On November 15, 2001, Plaintiff applied for disability insurance benefits (DIB) under Title II of the Social Security Act ("the Act"). Administrative Record ("AR") 683. He was determined to be disabled as of October 27, 2001, and was entitled to DIB beginning in April 2002. AR 683. After benefits were awarded, the agency issued several overpayment determination notices, but Plaintiff did not timely appeal certain overpayment determinations, so they were not the subject of the administrative hearing. AR 689.

A hearing was held before Administrative Law Judge ("ALJ") Regina Sleater on August 30, 2016. AR 1090. In a decision dated February 1, 2017, the ALJ found that she only had jurisdiction to review those overpayments determinations relating to the period between February

2011 and February 2012. AR 689. During that time period, Plaintiff was employed and earned gross income above substantial gainful activity levels for seven months, rendering him ineligible for disability benefits for those months. AR 687. Due to that ineligibility, the ALJ found that Plaintiff received an overpayment of $7,381. AR 686-89. As of December 2015, the amount owed was reduced to $5,266.60 due to crediting payments to Plaintiff's account. AR 689. The ALJ's decision was the final decision of the agency after the Appeals Council denied Plaintiff's request for review. AR 4-6. Plaintiff filed his complaint seeking judicial review pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3). (Compl., Dkt. No. 1.)

Plaintiff filed his motion for summary judgment on January 4, 2019. (Pl.'s Mot., Dkt. No. 18.) Defendant filed an opposition and cross-motion for summary judgment on March 15, 2019. (Def.'s Opp'n, Dkt. No. 23.) Plaintiff filed his reply on March 25, 2019. (Pl.'s Reply, Dkt. No. 24.)

## II. LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the Commissioner's findings are 1) based on legal error or 2) are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1098; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

## III. THE ALJ'S DECISION

The ALJ found that: 1) Plaintiff's gross wages were above allowable Substantial Gainful Activity ("SGA") levels during the months of February 2011, March 2011, June 2011, August 2011, September 2011, October 2011, and February 2012; 2) that Plaintiff had not established

1  allowable deductions from gross wages during those months; 3) that Plaintiff was ineligible to

2  receive disability insurance benefits during the months of February 2011, March 2011, June 2011,

3  August 2011, September 2011, October 2011, and February 2012 due to the performance of

4  substantial gainful activity in those months; and 4) affirmed that the findings contained in the

5  reconsideration determination issued on December 14, 2015, that Plaintiff was overpaid disability

6  benefits during the period between February 2011 and February 2012 due to work activity. AR

7  686-89; *see also* AR 717.

## IV. DISCUSSION

Plaintiff seeks to overturn the ALJ's declination to treat asserted expenses as allowable deductions in calculating whether Plaintiff's wages exceeded allowable amounts, which resulted in the determination that Plaintiff was overpaid disability benefits. (Pl.'s Mot. at 1).

### A. Only the issues decided in the February 1, 2017 Hearing Decision are at issue.

As an initial matter, Plaintiff states that his benefits were terminated in February 2018 due to the Government's belief that he was "non-disabled and fully recovered". (Pl.'s Mot. at 1.) Any dispute regarding the termination of benefits is not before the Court. The only issue before the undersigned is the ALJ's hearing decision, dated February 1, 2017. As a result, the Court will not address whether the termination of the benefits was proper.

### B. Only expenses permitted by regulations are deductible.

Plaintiff argues that the following deductions are allowable and should have been credited to his income, which would have resulted in him not being engaged in substantial gainful activity ("SGA"): 1) payment on two U.S. Department of Education loans; 2) two used auto allowances; 3) 12 month trial grace period benefit; and 4) $24,000 Federal Government Down Payment Assistance Program…." (Pl.'s Mot. at 1.)[1]

The Commissioner's regulations permit certain reasonable costs of items and services

---

[1] Plaintiff also appears to seek damages stemming from the loss of a partially completed Richmond, CA "almost-new tract home and detached garage/granny unit." (Pl.'s Mot. at 1.) The Court is not permitted to award damages that may have resulted from the loss of disability benefits. Rather, as stated above, this action is limited to Plaintiff's appeal from February 1, 2017 hearing decision. *See* discussion, *supra*, Part IV.A.

3

needed to enable a claimant to work to be subtracted from their earnings to decide whether they are engaging in SGA. 20 C.F.R. § 404.1576(a). In order to deduct such expenses, the claimant must be disabled under the Social Security Act, the severity of their impairments must require the purchase or rental of certain items or services in order to work, the claimant must pay the cost of the item or service themselves and without reimbursement, the item or service must be paid for in a month they are working, and the payment must be in cash. 20 C.F.R. § 404.1576(b). The following expenses may be deducted: attendant care services, medical devices, prosthetic devices, equipment, drugs and medical services, and payment for similar items and services. 20 C.F.R. § 404.1576(c).

> In addressing which expenses may be deducted from gross wages, the ALJ stated that:
>> In determining whether an individual is performing substantial gainful activity, the only proper deductions from gross wages of an employee occur when the employee has properly established and proven impairment related work expenses (IRWE), shown that part of his wages were actually a subsidy from his employer, or demonstrated that the work was performed under special circumstances, such as a sheltered workshop. (20 CFR 404.1574, 404.1576).

AR 686. In addressing Plaintiff's claims, the ALJ noted that he "did not allege impairment related work expenses, employer subsidy, or special work circumstances in a sheltered workshop. Instead, the claimant continued to assert that various other deductions from his monthly earnings should be allowed to result in a finding that he did not perform substantial gainful activity during the months in question." AR 688; *see* Hearing Tr., AR 1090-1106.

Indeed, Plaintiff continues to argue for the deduction of expenses not permitted by regulation. (Pl.'s Mot. at 1.) That said, the only potential cost claimed that could be deducted is the automobile loans. *See id.* The regulations, however, only permit the deduction of the modifications—such as ramp installation, hand controls or moving the gas pedal—to a modified vehicle, rather than the cost of the vehicle itself. 20 C.F.R. § 404.1576(c)(6)(iii)(A). Plaintiff does not claim that he has a modified vehicle. Instead, as the ALJ noted, when Plaintiff applied for reinstatement of his benefits in 2010, he indicated that he had no impairment-related work expenses. AR 688. While the Court is unable to locate that document in the administrative record, the reinstatement determination, dated February 14, 2011, indicated that Plaintiff's impairments

4

are schizophrenia and bipolar disorder, which would generally not require a modified vehicle. *See* AR 14.

Accordingly, the ALJ did not err in declining to deduct these expenses from Plaintiff's income. As a result, the ALJ correctly found that Plaintiff engaged in SGA for seven months between February 2011 and February 2012, rendering the disability benefits received an overpayment.

### C. Gross wages determine substantial gainful activity.

Lastly, Plaintiff argues that "anything less than full-time employment, at local minimum wage rates (as defined by combined SGA/Social Security Benefits) is disability." (Pl.'s Mot. at 3.) The ALJ rejected this argument on the grounds that "Social Security regulations do not distinguish between part-time work and full-time work in making substantial gainful activity determinations, but instead focus exclusively on the gross wages an employee earns." AR 689. Indeed, the regulations provide that substantial gainful activity is "work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Thus, Plaintiff's argument that full-time employment is required is unmeritorious. Instead, as he was repeatedly informed by the Social Security Administration, work was considered substantial if the average gross monthly earnings exceeded $1000 per month in 2011 and $1010 in 2012. *See* AR 16, 687 n.7; *see also* 20 C.F.R. § 404.1574.

Accordingly, Plaintiff's argument that full-time employment is required to constitute SGA fails.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment is DENIED, and Defendant's cross-motion for summary judgment is GRANTED. The Clerk shall close the case.

IT IS SO ORDERED.

Dated: March 3, 2020

KANDIS A. WESTMORE
United States Magistrate Judge